Michael Brandon **BEAVER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–90–01066–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1992.

H. Everett Kennedy, Steven R. Rosen, Houston, for appellant.

Susan Griffin Lowery, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Michael Brandon Beaver, appeals his judgment of conviction for the offense of voluntary manslaughter. TEX.PENAL CODE ANN. § 19.04 (Vernon 1989). Appellant, at age 15, was certified to stand trial as an adult for the charge of murder. Appellant entered a plea of not guilty before a jury to the offense of murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). The jury found appellant guilty of the lesser-included offense of voluntary manslaughter and assessed punishment at confinement in the Institutional Division of the Texas Department of Corrections for fifteen years. We affirm.

On September 20, 1988, appellant struck his mother several times with a baseball bat, and she subsequently died of her injuries. Appellant left the scene and was later identified and arrested at a Stop & Bye store. The arresting officer, B.R. Sanders, read appellant the special miranda warnings administered to juveniles, and transported Appellant directly to the Fort Bend County Juvenile Detention Center. The arresting officer filled out the juvenile detention report required to book Beaver in the detention center. Debra Wiley, the juvenile intake officer, filled out the authorization for detention form and medical and physical evaluation form. Justice of the Peace Gary Geike, designated by the Fort Bend County Juvenile Board as the one to

whom juveniles may be referred, went to the detention center to administer to appellant the juvenile warnings. Robert Garrett, a detective with the Rosenburg Police Department who was the investigator over the juvenile division, also arrived at the juvenile detention center. Garrett gave the magistrate the necessary papers for administering the warnings required by statute to appellant. (State's Exhibit No. 1). Geike administered the warnings to appellant at 12:58 a.m. Geike handed the papers to Garrett, who then went to talk to appellant. At 1:52 a.m., Garrett completed writing appellant's statement and turned Beaver over to Geike. Geike, out of the hearing and presence of others, then re-read the statement to appellant as well as his rights.

Subsequently, at 1:00 p.m. on September 21, 1988, Garrett returned to the detention center to discuss certain issues which had come up during the investigation. Again, Geike administered the magistrate warnings to appellant and handed Garrett the warning packet. (State's Exhibit No. 2). At 3:30 p.m., Garrett prepared appellant's second statement and later returned it to Geike. Geike, out of the hearing and presence of others, again re-read the statement to appellant as well as his rights to insure appellant understood the nature and content of the statement and had knowingly and voluntarily waived his statutory rights. Prior to trial, appellant filed a motion to suppress the confessions alleging specifically that proper referral had not taken place. The trial court overruled appellant's motion and proceeded to trial wherein appellant was found guilty.

In appellant's sole point of error, he argues that the trial court erred in overruling his motion to suppress the two statements. His argument before the trial court was that the investigation by Officer Garrett to obtain the two confessions from appellant was not a proper referral pursuant to 52.-04(b) of the Family Code; and, therefore, the statements were obtained without legal authority. TEX.FAM. CODE ANN. § 52.04(b) (Vernon 1986) in pertinent part states:

The office or official designated by a juvenile court may refer the case to a

law enforcement agency for the purpose of conducting an investigation to obtain necessary information.

Appellant relies on *Comer v. State*, 776 S.W.2d 191 (Tex.Crim.App.1989), to assert that the referral of appellant to Officer Garrett to investigate appellant in the present case was improper. It is important to note that *Comer*, does not discuss 52.-04(b), but rather construes provision 52.-02(a). In the *Comer* decision, the court found that the juvenile's statement was taken in violation of the Family Code because the juvenile was detained for an unnecessarily long time before being taken to the detention center in violation of sec. 52.02(a) of the Family Code. The court stated that the officers willfully violated the law in taking upon themselves the decision to interrogate appellant before they brought him to the detention facility. The court concluded:

> "We cannot say with any degree of confidence, that, had appellant been transported "forthwith" to the custody of the juvenile detention facility, where he may have had access to, if not counsel, at least his parents, ... he would still have chosen to confess his crime."

*Id.* at 197. What the court concluded could happen occurred in the present case. Appellant was taken directly to the juvenile detention facility pursuant to the requirements of 52.02(a) of the Family Code. Appellant was given the necessary warnings and then still chose to confess the crime.

Appellant emphasizes language in *Comer* which states that a law enforcement officer may investigate when requested. Appellant argues that since the court or an official from the detention center did not request Garrett to investigate, the investigation was improper. As appellant sees it, once Officer Sanders brought appellant to the juvenile detention center and Debra Wiley, a juvenile detention officer, filled out the necessary authorization and evaluation forms, no law enforcement officer could have interrogated appellant without a "referral" (request) from the juvenile court of Ford Bend County or an official designated by the juvenile court. It seems that appellant is reading into the words of 52.-04(b) to require some type of ceremony. There is no indication that referral in 52.-04(b) has any special meaning beyond its plain meaning. Black's Law Dictionary defines refer as: "point, allude, direct or make reference to." BLACK'S LAW DICTIONARY 5th ed (1979) p. 1151. The facts of the case at bar indicate that is exactly what happened. The referral of appellant for investigation resulted from a procedure in the juvenile detention center which Garrett testified had been ongoing for at least a year. Debra Wiley, the juvenile intake officer, had never questioned or prevented this procedure. The procedure included having Geike, the magistrate, administer the warnings as required by statute after the juvenile's arrival at the detention center. Geike was designated by the Ford Bend County Juvenile Board, made up of several judges, as the one to whom juveniles may be referred. Once the warnings had been signed and the magistrate commented on the juvenile's understanding of the rights, the juvenile was referred by Geike to Garrett for the purpose of conducting an investigation to obtain necessary information. Appellant confirmed that Garrett made no attempt to initiate dialogue with him before arrival of the magistrate and the administration of the appropriate warnings. The warnings which appear in clear print were signed by both Geick and appellant with notations from Geick as to the time, the warnings given, and appellant's comments. Also, the statements of appellant have the warnings printed on the face of the statements with signatures of both appellant and Geick as well as the times appellant began and finished writing the statement and comments made to Geick. We find that the required procedures were followed to the letter of the law. There was no delay in transporting appellant to the detention center; Geick administered proper warnings prior to the taking of any statements; and Geick properly referred appellant to Officer Garrett in accordance with Section 52.04(b) of the Family Code. We overrule appellant's sole point of error.

.. 

Accordingly, the judgment of the trial court is affirmed.